**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| PROSPECT WATERPROOFING COMPANY, )<br>188 Acacia Lane )<br>Sterling, Virginia  20166 )<br> )<br>　　　　　Plaintiff, )<br> )<br>v. )<br> )<br>CLARK CONCRETE CONTRACTORS, LLC, )<br> )<br>　　　　　Defendant. )<br> )<br>　Serve: )<br> )<br>　The Corporation Trust Incorporated )<br>　300 E. Lombard Street )<br>　Baltimore, MD  21202 ) | Case No. 1:06cv693-RJL |

## COMPLAINT

Plaintiff, Prospect Waterproofing Company, by and through its attorneys, Goodman, Allen & Filetti, PLLC and Clausen Miller P.C., and upon information and belief, hereby alleges the following:

### PARTIES AND JURISDICTION

1. At all relevant times, Plaintiff Prospect Waterproofing Company ("Prospect") was and is a Virginia corporation with its principal place of business located at 188 Acacia Lane, Sterling, Virginia.

2. At all relevant times, Defendant Clark Concrete Contractors, LLC ("Clark Concrete") was and is a Maryland limited liability company with its principal place of business located at 7500 Old Georgetown Road, Bethesda, Maryland.

3. The amount in controversy exceeds $75,000, exclusive of interest and costs.

4.	This Court has subject matter jurisdiction over the controversy under 28 U.S.C. § 1332.

5.	Venue is proper in the district under 28 U.S.C. § 1391 because a substantial part of the events giving rise to the claim occurred within the district.

**FACTS**

6.	Sometime prior to April 21, 2004, Plaintiff Prospect was hired as a subcontractor to perform waterproofing work at 1001 Massachusetts Avenue, N.W., Washington, D.C. (the "Premises").

7.	Prior to April 21, 2004, Defendant Clark Concrete, pursuant to an oral or written contract between Defendant Clark Concrete and the owner of the Premises and/or the General Contractor, was hired as a subcontractor to inspect, maintain and/or repair the roof hatch at the Premises, which work was, on information and belief, required to be completed prior to Plaintiff Prospect beginning its work.

8.	Sometime on or before April 21, 2004, Defendant Clark Concrete failed to cover the entire surface of the roof hatch at the Premises.

9.	On or about April 21, 2004, an employee of the Plaintiff performing waterproofing work at the Premises fell through an unsecured roof hatch (the "Incident").

10.	As a result of the aforesaid Incident, Plaintiff's employee was severely injured.

11.	Plaintiff's employee was acting in the course and scope of his employment with Plaintiff when the Incident occurred.

12.	Plaintiff's employee filed a Worker's Compensation claim for the injuries he sustained as a result of the Incident.

13. Plaintiff paid, and was obligated to pay, a total of $453,280.79 in order to satisfy its employee's Workers Compensation claim for his injuries sustained.

## FIRST COUNT- NEGLIGENCE

14. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs numbered "1" through "13" with the same force and effect as though fully set forth herein.

15. Defendant Clark Concrete owed a duty to Plaintiff to properly and adequately inspect, maintain and/or repair the roof hatch at the Premises.

16. Defendant Clark Concrete owed a duty to Plaintiff to ensure that the roof hatch was not in a dangerous condition.

17. Defendant Clark Concrete owed a duty to Plaintiff Prospect to exercise due or reasonable care under the circumstances then and there existing.

18. Defendant Clark Concrete breached the above-described duties owed to Plaintiff, by negligently, carelessly and/or recklessly inspecting, maintaining and/or repairing the roof hatch at the Premises.

19. Defendant Clark Concrete breached the above-described duties owed to Plaintiff, by negligently, carelessly and/or recklessly failing to ensure that the roof hatch at the Premises was not in a dangerous condition.

20. As a direct and proximate result of the foregoing negligent, careless and/or reckless acts and/or omissions by Defendant Clark Concrete, Plaintiff's employee was injured, Plaintiff's employee filed a Workers' Compensation claim, Plaintiff paid amounts in satisfaction

of the Worker's Compensation claim and Plaintiff has, therefore, incurred significant financial loss.

WHEREFORE, Plaintiff demands judgment against Defendant Clark Concrete, in the amount of Four Hundred Fifty-Three Thousand Two Hundred Eighty Dollars and Seventy-Nine Cents ($453,280.79), together with interest, legal fees, costs, expenses, disbursements and such other and further relief the Court deems proper.

## SECOND COUNT - BREACH OF CONTRACT

21. Plaintiff repeats and reiterates each and every allegation contained in paragraphs "1" through "20" as though set forth herein in their entirety.

22. Upon information and belief, Defendant Clark Concrete entered into an agreement, oral or written contract, and/or document of similar nature ("Agreement") with the owner of the Premises and/or General Contractor, wherein Defendant Clark Concrete agreed, and in fact did take it upon itself the obligation to inspect, maintain and/or repair the roof hatch at the Premises.

23. Upon information and belief, the parties to the Agreement intended that Plaintiff would be, and Plaintiff was, a third-party beneficiary of this Agreement.

24. Defendant Clark Concrete breached its contractual relationship and duties by failing to inspect, maintain and/or repair the roof hatch at the Premises.

25. As a direct and foreseeable result of this contractual breach, Plaintiff's employee was injured, Plaintiff's employee filed a Workers' Compensation claim, Plaintiff paid amounts in satisfaction of the Worker's Compensation claim and Plaintiff has, therefore, incurred significant financial loss.

WHEREFORE, Plaintiff demands judgment against Defendant Clark Concrete, in the amount of Four Hundred Fifty-Three Thousand Two Hundred Eighty Dollars and Seventy-Nine Cents ($453,280.79), together with interest, legal fees, costs and such other and further relief as the Court deems proper.

### COUNT THREE- *RES IPSA LOQUITUR*

26.     Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs numbered "1" through "23" with the same force and effect as though fully set forth herein

27.     On information and belief, the damages suffered by Plaintiff do not ordinarily occur in the absence of someone's negligence.

28.     The damages suffered by Plaintiff were caused when Defendant Clark Concrete negligently, carelessly and/or recklessly inspected, maintained and/or repaired the roof hatch at the Premises.

29.     The damages suffered by Plaintiff were not due to any voluntary action and/or contribution on the part of Plaintiff.

30.     As a foreseeable result of the foregoing negligence, Plaintiff's employee was injured, Plaintiff's employee filed a Workers' Compensation claim, Plaintiff paid amounts in satisfaction of the Worker's Compensation claim and Plaintiff has, therefore, incurred significant financial loss.

WHEREFORE, Plaintiff demands judgment against Defendant Clark Concrete, in the amount of Four Hundred Fifty-Three Thousand Two Hundred Eighty Dollars and Seventy-Nine Cents ($453,280.79), together with interest, legal fees, costs, expenses, disbursements and such other and further relief as the Court deems proper.

**PLAINTIFF DEMANDS TRIAL BY JURY.**

Dated: April 14, 2006

                                              Respectfully submitted,
                                              By Counsel

                                              /s/ Charles M. Allen

                                              _____

Charles M. Allen, Esquire (VSB No. 30183) (U.S. Dist. Ct. Bar No. (D.D.C.) MI0004)
GOODMAN, ALLEN & FILETTI, PLLC
4501 Highwoods Parkway, Suite 210
Glen Allen, Virginia 23060
Telephone:     (804) 346-0600
Facsimile:      (804) 346-5954

OF COUNSEL:

Charles Y. Sipe, Esquire (not admitted in D.C.)
Goodman, Allen & Filetti, PLLC
1020 Ednam Center, Suite 200
Charlottesville, Virginia 22903
Telephone:     (434) 817-2180
Facsimile:      (434) 817-2199
Counsel for Plaintiff


CLAUSEN MILLER P.C.
Robert A. Stern, Esq. (not admitted on D.C.)
Virginia M. De Luca (not admitted in D.C.)
One Chase Manhattan Plaza
New York, New York 10005
Telephone:     (212) 805-3900
Facsimile:      (212) 805-3939