IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PROSPECT WATERPROOFING COMPANY,  ) | |
| ) | |
| Plaintiff,  ) | |
| ) | |
| v.  ) | Case No. 1:06cv693-RJL |
| ) | |
| CLARK CONCRETE CONTRACTORS, LLC,  ) | |
| ) | |
| Defendant.  ) | |
| ) | |

**JOINT REPORT OF THE PARTIES PURSUANT TO LOCAL CIVIL RULE 16.3 AND FEDERAL RULE OF CIVIL PROCEDURE 26(f)**

COME NOW the plaintiff, Prospect Waterproofing Company ("Prospect") and the defendant Clark Concrete Contractors, LLC's ("Clark") each by and through their attorneys, and pursuant to Local Civil Rule 16.3, Federal Rule of Civil Procedure 26(f), and this Court's Case Management Order dated April 19, 2006, and jointly report to the Court as follows  (unless indicated otherwise the statements herein reflect the joint positions of both parties):

**Local Rule 16.3 Matters**

**1.    Whether the case is likely to be disposed of by dispositive motion and whether, if a dispositive motion has already been filed, the parties should recommend to the Court that discovery or other matters should await a decision on the motion.**

Resolution of this matter by a dispositive motion filed before discovery is conducted is unlikely.  Therefore, discovery should not be delayed.

**2.    The date by which any other parties shall be joined or the pleadings amended, and whether some or all the factual and legal issues can be agreed upon or narrowed.**

Any additional parties should be joined and the pleadings amended, if necessary by September 8, 2006. The parties believe that the issues have been narrowed (see the statement of the case) and agree to confer further to do so as discovery progresses.

**3.     Whether the case should be assigned to a magistrate judge for all purposes, including trial.**

The case should not be so assigned.

**4.     Whether there is a realistic possibility of settling the case.**

Settlement before some discovery is conducted is unlikely. Settlement may be possible after the parties have been able to conduct discovery and they agree to confer periodically to re-assess the possibility of settlement hereafter.

**5.     Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures (or some other form of ADR); what related steps should be taken to facilitate such ADR; and whether counsel have discussed ADR and their response to this provision with their clients.**

The likelihood that ADR would be beneficial before some discovery is conducted is unlikely. The parties agree to confer periodically to re-assess whether ADR would be beneficial hereafter and if so, to so advise the Court. The parties have discussed ADR and this response with their clients.

**6.     Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions, and/or cross-motions, oppositions and replies; and proposed dates for a decision on the motions.**

It is possible that the case may be resolved by summary judgment, but the likelihood of this cannot be assessed without discovery. The parties propose that summary judgment motions (or other dispositive post-discovery motions) be filed on or before March 30, 2007, cross-motions and oppositions be filed on or before April 20, 2007, and replies and oppositions to

cross-motions on or before May 4, 2007 so that a decision may be rendered by the Court on or before May 18, 2007.

**7.     Whether the parties should stipulate to dispense with the initial disclosures required by Rule 26(a)(1), F.R.Civ.P. and if not, what if any changes should be made in the scope, form or timing of those disclosures.**

The parties have exchanged initial disclosures.

**8.     The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery; whether a protective order is appropriate and a date for the completion of all discovery, including answers to interrogatories, document production, requests for admissions, and depositions.**

Discovery on both the liability and damages aspects are anticipated and should take approximately 7 months.  The limitations on discovery provided by the Federal Rules of Civil Procedure are adequate for the case and should not be amended or supplemented.  The parties do not presently foresee the need for any protective orders.  The parties propose that all discovery be concluded by February 15, 2007.

**9.     Whether the requirement of exchange of expert witness reports and information pursuant to Rule 26(a)(2) F.R.Civ.P. should be modified, and whether and when depositions of experts should occur.**

The requirements of Rule 26 (a)(2) should apply to the case without modification.  The parties anticipate that depositions of experts will be required and will be taken.  A party that wishes to present an expert on an issue upon which the party bears the burden of proof should be identified in accordance with Rule 26 (a)(2) on or before October 1, 2006; an expert which a party expects to present on an issue which the party does not bear the burden should be designated on or before November 15, 2006, and: any rebuttal experts should be identified on or before November 30, 2006.

**10.    Omitted (pertains to class actions only).**

**11.     Whether trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation.**

Neither trial nor discovery should be bifurcated or managed in phases.

**12.     The date for the pretrial conference (understanding that a trial will take place 30 to 60 days thereafter).**

The pretrial conference should occur on or about May 30, 2007.

**13.     Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.**

A trial date should be set at the pretrial conference.

**14.     Such other matters that the parties believe may be appropriate for inclusion in a scheduling order.**

The parties have not identified any such matters.

A statement of the facts and the basis for the causes of action alleged herein follows.

**[The remainder of this page was intentionally left blank]**

**Statement of Facts and Basis for the Causes of Action**

Sometime before April 21, 2004, plaintiff Prospect was retained by contract to perform waterproofing work at a building at 1001 Massachusetts Avenue, N.W., Washington, D.C. Defendant Clark was retained by contract on the same construction project to inspect, maintain and/or repair the roof hatch at the building. Prospect alleges that Clark negligently failed to cover, and secure the cover for, the entire surface of a roof hatch at the site. Prospect also alleges that Clark's failure to cover the hatch breached its contract with the general contractor and that Prospect was an intended third party beneficiary of that contract.

On April 21, 2004, a Prospect employee who was performing waterproofing work at the building fell through the uncovered and unsecured hatch. The employee was severely injured and filed a Worker's Compensation claim for the injuries he sustained. Prospect paid $453,280.79, more or less, to the employee and others in satisfaction of the claim.

Prospect asserts causes of action in common law negligence, including under the doctrine of *res ipsa loquitur*, and breach of contract (and by reason that Prospect was an intended third party beneficiary of the Clark-General Contractor contract), asserting that Clark is liable to it for amounts expended in satisfaction of the claim.

Clark denies it is liable to Prospect and counterclaims asserting that Prospect's employee was negligent by failing to exercise due care and/or assumed the risk of injury and that Prospect was negligent in failing to train or supervise its employee. Clark further asserts that under Prospect's contract with the general contractor, Prospect had a duty to provide a safe workplace, and observe and correct or report hazards and that it breached this duty. Clark asserts it was a third party beneficiary of the contract and asserts causes of action in common law negligence and breach of contract seeking damages from Prospect for any amounts paid to the plaintiff herein.

Dated: June 19, 2006

                                              Respectfully submitted,
                                              By Counsel

                                              /s/ Charles M. Allen

                                              _____

Charles M. Allen, Esquire (VSB No. 30183) (U.S. Dist. Ct. Bar No. (D.D.C.) MI0004)
GOODMAN, ALLEN & FILETTI, PLLC
4501 Highwoods Parkway, Suite 210
Glen Allen, Virginia 23060
Telephone:    (804) 346-0600
Facsimile:    (804) 346-5954

OF COUNSEL:

Charles Y. Sipe, Esquire (not admitted in D.C.)
Goodman, Allen & Filetti, PLLC
1020 Ednam Center, Suite 200
Charlottesville, Virginia 22903
Telephone:    (434) 817-2180
Facsimile:    (434) 817-2199

CLAUSEN MILLER P.C.
Robert A. Stern, Esq. (not admitted on D.C.)
Virginia M. De Luca (not admitted in D.C.)
One Chase Manhattan Plaza
New York, New York 10005
Telephone:    (212) 805-3900
Facsimile:    (212) 805-3939
*Attorneys for the Plaintiff*

                                              By Counsel

                                              /s/ Todd S. Sapiro

                                              _____

Jeffrey W. Ochsman, Esquire (#941849)
Todd S. Sapiro, Esquire (#438455)
FRIEDLANDER, MISLER, SLOAN, KLETZKIN, & OCHSMAN, PLLC
1101 17th Street, N.W.
Suite 700
Washington, D.C.  20036
Telephone:    (202) 872-0800
Facsimlie:    (202) 857-8343
*Attorneys for the Defendant*