IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PROSPECT WATERPROOFING COMPANY, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CLARK CONCRETE CONTRACTORS, LLC, ) <br> ) <br> Defendant. ) <br> ) | Case No. 1:06cv693-RJL |

**CONSENTED MOTION TO AMEND COMPLAINT
AND SUBSTITUTE REAL PARTY IN INTEREST**

COMES NOW Plaintiff Prospect Waterproofing Company ("Prospect"), by counsel, and pursuant to Rule 17 of the Federal Rules of Civil Procedure, and with the consent of the defendant Clark Concrete Contractors, LLC ("Clark") and moves this Court for entry of an Order amending the Complaint and substituting Zurich American Insurance Company as Plaintiff in this case. In support of this motion, Plaintiff states as follows:

1.	Plaintiff Prospect filed this action alleging that Defendant Clark was negligent in failing to secure and/or maintain the roof hatch at a Washington, D.C. worksite, resulting in the fall and subsequent injury of Plaintiff's employee. (Compl. ¶¶ 8–10.)

2.	Plaintiff Prospect's employee filed a Worker's Compensation claim for injuries he sustained as part of the fall. (Compl. ¶ 11.) As a result, Plaintiff was obligated to pay, a total of $453,280.79 to satisfy its employee's Worker's Compensation claim for his injuries sustained.

3.	Plaintiff filed this subrogation action on April 17, 2006, asserting negligence and breach of contract claims against Clark.

4.	Section 32-1535(b) of the District of Columbia Code provides that an employee's acceptance of a Worker's Compensation award operates as an assignment to the employer of all rights of the employee to recovers damages against a third party.  Section 32-1535(h) further provides that, when the employer's insurance carrier has assumed the payment of the compensation, the insurance carrier is subrogated to all rights of the employer.

5.	Zurich American Insurance Company provides Worker's Compensation insurance coverage for Plaintiff.  In this case, Zurich American Insurance Company assumed payment of the compensation award to Plaintiff's employee.

6.	Pursuant to District of Columbia Code section 32-1535(h), Zurich American Insurance Company is the proper plaintiff and real plaintiff in interest in this action.

7.	In Link Aviation, Inc. v. Downs, 117 U.S. App. D.C. 40, 325 F.2d 613 (1963), the D.C. Circuit Court of Appeals considered whether the substitution of the insurer as the party plaintiff in a subrogation action sets forth a new and different cause of action.  Rule 17 provides, in part, that

> No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest; and such ratification, joinder, or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest.

In Link Aviation, Inc., the Court of Appeals concluded that the original pleading initiated a valid suit and the motion to amend the complaint and substitute the insurers as plaintiffs indeed arose out of the occurrence set forth in the original pleading.  Id., 325 F.2d at 615.  Therefore, the Court allowed the employer to amend its complaint and substitute the insurers as the proper plaintiffs.  Id., 325 F.2d at 615.

8.	Pursuant to Rule 17 of the Federal Rules of Civil Procedure, District of Columbia Code section 32-1535(h), and the D.C. Circuit Court of Appeals' holding in <u>Link Aviation, Inc.</u>, Plaintiff should be allowed to amend its Complaint and substitute as the proper plaintiff Zurich American Insurance Company.

9.	Plaintiff represents that counsel for the Defendant has been provided a copy of this motion in advance of its filing and has advised that it does not object to this motion.

WHEREFORE, for the foregoing reasons and any other reasons which may be advanced at any oral argument on this matter, Plaintiff moves this Court for entry of an Order amending the Complaint and substituting Zurich American Insurance Company as Plaintiff in this case.

Dated: December 21, 2006

                Respectfully submitted,
                By Counsel


                /s/ Charles M. Allen

                _____


Charles M. Allen, Esquire (VSB No. 30183) (U.S. Dist. Ct. Bar No. (D.D.C.) MI0004)
GOODMAN, ALLEN & FILETTI, PLLC
4501 Highwoods Parkway, Suite 210
Glen Allen, Virginia 23060
Telephone:	(804) 346-0600
Facsimile:	(804) 346-5954

OF COUNSEL:

Charles Y. Sipe, Esquire (not admitted in D.C.)
Goodman, Allen & Filetti, PLLC
1020 Ednam Center, Suite 200
Charlottesville, Virginia 22903
Telephone:	(434) 817-2180
Facsimile:	(434) 817-2199
Counsel for Plaintiff

CLAUSEN MILLER P.C.
Robert A. Stern, Esq. (not admitted on D.C.)
Virginia M. De Luca (not admitted in D.C.)
One Chase Manhattan Plaza
New York, New York 10005
Telephone:   (212) 805-3900
Facsimile:   (212) 805-3939

4