IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ZURICH AMERICAN INSURANCE COMPANY | * |
| Plaintiff | * |
| v. | * Case No.: 1:06CV00693 |
| | * Hon. Richard J. Leon |
| CLARK CONCRETE CONTRACTORS, LLC | * |
| Defendant | * |

## STATEMENT OF MATERIAL FACTS NOT IN DISPUTE

Clark Quincy Park, LLC ("Quincy Park") hired both Prospect and CCC as subcontractors to perform work at the Quincy Park Condominium Project ("Project") in Washington, D.C. *See Subcontract Agreement with Prospect & Subcontract Agreement with CCC,* attached as *Exhibit 1 & 2, respectively.* Prospect was hired to do waterproofing at the condominium project and CCC was to pour concrete. *Id.*

In both subcontracts, there was a safety provision which stated, in pertinent part:

> Subcontractor assumes full responsibility to provide and maintain, within its scope of work, a safe and healthful workplace for its employees, as well as for the benefit of all contractors, fellow workers and the general public. Subcontractor agrees to assume the obligation to notify Clark of all hazards discovered that it does not control and did not create.

*Paragraph 23(b), Subcontract Agreement with Prospect & CCC.*

In CCC's subcontract, there was a provision that specifically prescribed its duties for openings in decks. It stated that the subcontractor shall:

> Provide covers for all small framed openings in decks such as ductwork, shafts, pipe chases, etc., during our operations. Covers to be *maintained by others after concrete work is complete in the area* and removed by others.

*Paragraph 25, Exhibit B, Subcontract Agreement with CCC* (emphasis added).

Approximately three weeks before the incident which forms the basis of this action, CCC

LAW OFFICES
FRIEDLANDER, MISLER,
SLOAN, KLETZKIN &
OCHSMAN, PLLC
1101 17th STREET, NW,
SUITE 700
WASHINGTON, DC

(202) 872-0800

poured concrete on the penthouse deck. *Neuenschwander Deposition* ("ND"), 55-6, attached as *Exhibit 3*. After pouring the concrete deck, Jorge Guerrero, a foreman for CCC, placed a piece of plywood over an opening on the penthouse deck. *Affidavit of Matthew Sherwood* ("MS"), ¶4, attached as *Exhibit 4*. Mr. Guerrero secured the plywood, with nails, into the concrete deck using a Hilti[1] gun. *MS*, ¶6. In addition, the plywood was marked "hole" in orange paint. *MS*, ¶6. and *Defendant's ATI #4,* attached as *Exhibit 5*. CCC had completed work on the penthouse deck at that time and did not return to the area after the plywood cover was secured. *MS, ¶7-8.*

Approximately three weeks later, on April 21, 2004, Prospect was working on the penthouse deck. *Chub Deposition* ("CD"), 72, attached as *Exhibit 6*. On the date of accident, Erick Chub, foreman for Prospect, was on the penthouse roof deck and noticed two pieces of slightly overlapping plywood over the roof hatch. *CD*, 79-82.[2] Mr. Chub admits that he recognized the hatch and the boards covering the hatch as a safety hazard, but did not notify the general contractor's foreman. *CD*, 83-4.

Later that morning, after observing the roof hatch and recognizing the hatch as a safety hazard, Mr. Chub directed, not one, but two of his employees to work on the penthouse deck without pointing out the potential hazard. *CD*, 79-84, 92-3, 97-8. One of those employees was Mr. Coc, who sustained injuries when he fell through the roof hatch. *CD*, 79-84, 96. There is no evidence as to the mechanics of the fall.

---

[1] A Hilti gun is powered by air, gas or powder to drive fasteners into steel or concrete.

[2] Michael Teague, a crane operator for the general contractor, observed the penthouse deck from his crane that morning. *Teague Deposition ("TD"), 12-3,* attached as *Exhibit 7*. Mr. Teague testified that the hatch was covered with a sheet of plywood and that "hole" was painted across the plywood in orange paint. *TD, 12.* While there is a discrepancy as to the number of boards, this is not a dispute of material fact because it does not change the essential fact that CCC was not in control of the penthouse deck.

LAW OFFICES
FRIEDLANDER, MISLER,
SLOAN, KLETZKIN &
OCHSMAN, PLLC
1101 17th STREET, NW,
SUITE 700
WASHINGTON, DC

(202) 872-0800

Respectfully submitted,

FRIEDLANDER, MISLER, SLOAN,
KLETZKIN & OCHSMAN, PLLC

_____
Jeffrey W. Ochsman, Esq., #941849
Todd S. Sapiro, Esq., #438455
1101 17th Street, N.W., Suite 700
Washington, D.C. 20036
Phone: (202) 872-0800; Fax: (202) 857-8343
Attorneys for Defendant,
Clark Concrete Contractors, LLC

## CERTIFICATE OF SERVICE

I HEREBY certify that a copy of the foregoing Statement of Material Facts Not in Dispute was mailed, postage pre-paid, this 30 th day of May, 2007 to:

Charles M. Allen, Esq.
Goodman, Allen & Filetti, PLLC
4501 Highwoods Parkway, Suite 210
Glen Allen, VA 23060

Charles Y. Sipe, Esq.
Goodman, Allen & Filetti, PLLC
1020 Ednam Center, Suite 200
Charlottesville, VA 22903

Robert A. Stern, Esq.
Virginia M. DeLuca, Esq.
Clausen Miller P.C.
One Chase Manhattan Plaza
New York, NY 10005

_____
Jeffrey W. Ochsman

LAW OFFICES
FRIEDLANDER, MISLER,
SLOAN, KLETZKIN &
OCHSMAN, PLLC
1101 17th STREET, NW,
SUITE 700
WASHINGTON, DC

(202) 872-0800