**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

ZURICH AMERICAN INSURANCE COMPANY *
*
Plaintiff *
*
v. * Case No.: 1:06CV00693
* Hon. Richard J. Leon
CLARK CONCRETE CONTRACTORS, LLC *
*
Defendant *

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF CLARK CONCRETE CONTRACTOR, LLC'S MOTION FOR SUMMARY JUDGMENT**

COMES NOW the Defendant, Clark Concrete Contractors, LLC (CCC), by and through undersigned counsel, and submits its Memorandum of Points and Authorities in Support of its Motion for Summary Judgment and in support states as follows:

## I. SUMMARY OF ARGUMENT

This case arises from personal injury sustained by Gregorio Coc when he was working in the course of his employment for Prospect Waterproofing Company ("Prospect"). Mr Coc was paid benefits under the District of Columbia Workers' Compensation Act. Zurich American Insurance Company ("Zurich"), as the insurer for Prospect, paid the workers' compensation award and is prosecuting this claim against subcontractor CCC for negligence, breach of contract and upon a theory of res ipsa loquitur.[1]

Zurich/Prospect asserts that CCC had a duty to maintain an area of the penthouse deck after it had completed its work in accordance with the applicable contract specifications, applicable OSHA standards and had left the area. No such duty exist as a matter of law. In order

[1]CCC does not have an explanation as to why Zurich/Prospect did not sue the general contractor.

LAW OFFICES
FRIEDLANDER, MISLER,
SLOAN, KLETZKIN &
OCHSMAN, PLLC
1101 17th STREET, NW,
SUITE 700
WASHINGTON, DC

(202) 872-0800

to prevail, Zurich/Prospect asks this Court to impose a duty on CCC for an area that it did not control and had not controlled for approximately three weeks and which was open and accessible to the other subcontractors and the general contractor.

## II. STATEMENT OF MATERIAL FACTS

Clark Quincy Park, LLC ("Quincy Park") hired both Prospect and CCC as subcontractors to perform work at the Quincy Park Condominium Project ("Project") in Washington, D.C. *See Subcontract Agreement with Prospect* & *Subcontract Agreement with CCC,* attached as *Exhibit 1 & 2, respectively*. Prospect was hired to do waterproofing at the condominium project and CCC was to pour concrete. *Id.*

In both subcontracts, there was a safety provision which stated, in pertinent part:

> Subcontractor assumes full responsibility to provide and maintain, within its scope of work, a safe and healthful workplace for its employees, as well as for the benefit of all contractors, fellow workers and the general public. Subcontractor agrees to assume the obligation to notify Clark of all hazards discovered that it does not control and did not create.

*Paragraph 23(b), Subcontract Agreement with Prospect & CCC.*

In CCC's subcontract, there was a provision that specifically prescribed its duties for openings in decks. It stated that the subcontractor shall:

> Provide covers for all small framed openings in decks such as ductwork, shafts, pipe chases, etc., during our operations. Covers to be *maintained by others after concrete work is complete in the area* and removed by others.

*Paragraph 25, Exhibit B, Subcontract Agreement with CCC* (emphasis added).

Approximately three weeks before the incident which forms the basis of this action, CCC poured concrete on the penthouse deck. *Neuenschwander Deposition* ("ND"), 55-6, attached as *Exhibit 3*. After pouring the concrete deck, Jorge Guerrero, a foreman for CCC, placed a piece of plywood over an opening on the penthouse deck. *Affidavit of Matthew Sherwood* ("MS"), ¶4,

LAW OFFICES
FRIEDLANDER, MISLER, SLOAN, KLETZKIN & OCHSMAN, PLLC
1101 17th STREET, NW, SUITE 700
WASHINGTON, DC
(202) 872-0800

attached as *Exhibit 4*. Mr. Guerrero secured the plywood, with nails, into the concrete deck using a Hilti[2] gun. *MS*, ¶*6*. In addition, the plywood was marked "hole" in orange paint. *MS*, ¶*6*. and *Defendant's ATI #4,* attached as *Exhibit 5*. CCC had completed work on the penthouse deck at that time and did not return to the area after the plywood cover was secured. *MS, ¶7-8.*

Approximately three weeks later, on April 21, 2004, Prospect was working on the penthouse deck. *Chub Deposition* ("*CD*"), 72, attached as *Exhibit 6*. On the date of accident, Erick Chub, foreman for Prospect, was on the penthouse roof deck and noticed two pieces of slightly overlapping plywood over the roof hatch. *CD*, 79-82.[3] Mr. Chub admits that he recognized the hatch and the boards covering the hatch as a safety hazard, but did not notify the general contractor's foreman. *CD*, 83-4.

Later that morning, after observing the roof hatch and recognizing the hatch as a safety hazard, Mr. Chub directed, not one, but two of his employees to work on the penthouse deck without pointing out the potential hazard. *CD*, 79-84, 92-3, 97-8. One of those employees was Mr. Coc, who sustained injuries when he fell through the roof hatch. *CD*, 79-84, 96. There is no evidence as to the mechanics of the fall.

## **IV. STANDARD OF REVIEW**

Summary judgment is appropriate if the pleadings and evidence demonstrate that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a

---

[2]A Hilti gun is powered by air, gas or powder to drive fasteners into steel or concrete.

[3]Michael Teague, a crane operator for the general contractor, observed the penthouse deck from his crane that morning. *Teague Deposition ("TD"), 12-3*, attached as *Exhibit 7*. Mr. Teague testified that the hatch was covered with a sheet of plywood and that "hole" was painted across the plywood in orange paint. *TD, 12*. While there is a discrepancy as to the number of boards, this is not a dispute of material fact because it does not change the essential fact that CCC was not in control of the penthouse deck.

LAW OFFICES
FRIEDLANDER, MISLER, SLOAN, KLETZKIN & OCHSMAN, PLLC
1101 17th STREET, NW, SUITE 700
WASHINGTON, DC

(202) 872-0800

matter of law." Fed. R. Civ. P. 56(c). Once the moving party has demonstrated the lack of a material dispute suitable for trial, the burden shifts to the non-moving party to "designate 'specific facts showing that there is a genuine issue for trial.'" *See Celotex Corporation v. Catrett*, 477 U.S. 317, 324, 106 S.Ct. 2548, 2553, 91 L.Ed. 265 (1986) (*quoting* Fed. R. Civ. P. 56(e)). The purpose of this burden-shifting is to eliminate "sham" issues of fact and to avoid unnecessary trials. *See National Life Ins. Co. v. Silverman*, 454 F.2d 899, 909 (1971). If the non-moving party has evidence to support its position, it must make such evidence known; a party may not rests its case on the "vague hope that something may turn up at trial." *See E.P. Hinkel & Co.,Inc. v. Manhattan Co.*, 506 F. 2d 201, 205 (D.C. Cir. 1974)(citation omitted).

The evidence proffered by the non-moving party in opposition to a motion for summary judgment must be persuasive. A party may not merely replace the conclusory allegations of its answer with the conclusory allegations of an affidavit. *Lujan v. National Wildlife Federation*, 497 U.S. 871, 888, 110 S.Ct. 3177, 3188, 111 L.Ed.2d 695, *or with hearsay evidence*, *Kimberlin v. Quinlan*, 6 F.3d 789, 797 (D.C. Cir. 1993). Moreover, a court may disregard evidence, such as an affidavit, that is plainly contrary to the other evidence in the record before it. *See Martin v. Merrell Dow Pharmaceuticals, Inc.*, 851 F.2d 703, 706 (3rd Cir. 1988). While a court must draw all reasonable inferences in favor of the non-movant, such inferences must be legitimate and reasonable; a "scintilla of evidence is not enough." *See Harbor Ins. Co. v. Schnabel Found. Co, Inc.*, 946 F.2d 930, 935 (D.C. Cir. 1991).

## V. ARGUMENT

### A. ON THE CLAIM OF NEGLIGENCE JUDGMENT SHOULD BE ENTERED AS A MATTER OF LAW

The elements of negligence are a duty of care owed by defendant, the breach of that duty,

LAW OFFICES
FRIEDLANDER, MISLER,
SLOAN, KLETZKIN &
OCHSMAN, PLLC
1101 17th STREET, NW,
SUITE 700
WASHINGTON, DC

(202) 872-0800

and damage to the plaintiff which was proximately caused by the breach. *Powell v. District of Columbia*, 634 A.2d 403, 406 (D.C. 1993). The first and perhaps most important element of negligence is a duty of care owed by defendant. *Id.*

CCC had a duty to maintain a safe and healthful workplace for its employees and fellow workers. The OSHA regulations set forth safety requirements for employers on construction sites. 29 CFR §1926.502(i)(2)-(4) set forth the criteria for covers, such as the plywood used on the penthouse deck. CCC fulfilled the requirements under the OSHA regulations, as the uncontroverted evidence is that CCC secured, with nails, the plywood board over the roof hatch approximately three weeks before Mr. Coc's accident. *MS*, ¶4,6-8. By contract, CCC was expressly relieved of the duty to maintain the cover after it was secured in accordance with OSHA regulations. *Paragraph 25, Exhibit B, Subcontract Agreement with CCC.* Finally, CCC was not working on the penthouse deck at the time of the accident. *MS*, ¶7-8. A subcontractor cannot have a duty to discover hazards if it is not working in an area.

After securing the board in accordance with OSHA regulations, CCC had no duty with regard to an area in which it was not working and did not have control. Since CCC does not have a duty, Zurich/Prospect's negligence claim must fail as a matter of law.

**B. ON THE CLAIM OF BREACH OF CONTRACT JUDGMENT SHOULD BE ENTERED AS A MATTER OF LAW**

In order to breach a contract, it must be established that there was a contract between the parties. A contract is an agreement between two or more parties to do something. *Bowles v. Hagans*, 256 A.2d 407, 408 (D.C. 1969). If there is a contract, a breach occurs if one party fails to fully perform a duty under the contract. *Fowler v. A&A Co.*, 262 A.2d 344, 347 (1970).

A third party can enforce the contract if the contracting parties intended for that third

LAW OFFICES
FRIEDLANDER, MISLER, SLOAN, KLETZKIN & OCHSMAN, PLLC
1101 17th STREET, NW, SUITE 700
WASHINGTON, DC
(202) 872-0800

party to benefit from performance of the contract. *Dist. of Columbia v. Campbell*, 580 A.2d 1295, 1302 (D.C. 1990).

There is no contract between CCC and Zurich/Prospect. *See Subcontract Agreement with Prospect & Subcontract Agreement with CCC.* Zurich/Prospect was not an intended beneficiary of CCC's contract with Quincy Park, as neither contracting party intended for Zurich/Prospect to gain any benefit from performance.

Assuming, *arguendo*, that Paragraph 23 of CCC's Subcontract Agreement with Quincy Park established Zurich/Prospect as a third-party beneficiary, CCC did not breach its contractual duty to Zurich/Prospect. CCC had a contractual duty to "maintain, within its scope of work, a safe and healthful workplace for its employees, as well as for the benefit of all contractors, fellow workers and the general public" and assumed the obligation to notify the general contractor of any hazard discovered that it does not control and did not create. *Paragraph 23, Subcontract Agreement with CCC.* CCC could not have a duty to maintain a safe work environment or notify Quincy Park of potential hazards in an area in which it was not working, nor had any control.

Finally, CCC had a contractual duty to provide covers for all small framed openings in decks. *See Paragraph 25, Exhibit B, Subcontract Agreement with CCC.* The covers, however, were to be secured and then maintained by others after concrete work in the area was complete. *Id.* The uncontradicted evidence shows that CCC satisfied its obligations under the Subcontract Agreement when, in accordance with OSHA regulations, it secured the plywood board over the roof hatch. CCC was thereafter expressly relieved of the duty to maintain the cover, because it was to be maintained by others after the concrete work was complete.

CCC fulfilled its obligations under its Subcontract with Quincy Park. It discharged its obligations under OSHA. Even if Prospect can be considered a third-party beneficiary,

LAW OFFICES
FRIEDLANDER, MISLER, SLOAN, KLETZKIN & OCHSMAN, PLLC
1101 17th STREET, NW, SUITE 700
WASHINGTON, DC
(202) 872-0800

Zurich/Prospect's breach of contract claim must fail as a matter of law.

### C. ON THE CLAIM OF RES IPSA LOQUITUR JUDGMENT SHOULD BE ENTERED AS A MATTER OF LAW

Res Ipsa Loquitur applies when an event ordinarily does not occur in the absence of someone's negligence, the event must be caused by an agency or instrumentality within the *exclusive control* of the defendant, and the event must not have been due to any voluntary action or contribution on the part of plaintiff. *Otis Elevator Co. v. Tuerr*, 626 A.2d 1254, 1258 (D.C. 1992)(emphasis added). The doctrine of res ipsa allows the jury to infer a lack of due care on part of the defendant from the mere occurrence of an accident. *Otis Elevator Co. v. Henderson*, 514 A.2d 784, 785 (D.C. 1986).

The area in which Mr. Coc was working was not in the exclusive control of CCC because CCC was not working on the penthouse deck for three weeks prior to the date of accident. Many other contractors, including but not limited to Prospect had access to, and indeed were on the penthouse deck between the time the board was secured and the date of accident. *CD*, 72. It is clear that CCC was not in exclusive control of the plywood secured over the roof hatch or the area surrounding the same. Thus, res ipsa loquitur must fail as a matter of law.

## VI. CONCLUSION

CCC does not have a duty, under common law or contract, in connection with an area that it did not control and it had not controlled for approximately three weeks.

Based thereupon, Defendant Clark Concrete Contractors, LLC, respectfully requests that this Court grant Defendant's Motion for Summary Judgment for all counts.

LAW OFFICES
FRIEDLANDER, MISLER, SLOAN, KLETZKIN & OCHSMAN, PLLC
1101 17th STREET, NW, SUITE 700
WASHINGTON, DC

(202) 872-0800

Respectfully submitted,

FRIEDLANDER, MISLER, SLOAN,
KLETZKIN & OCHSMAN, PLLC

Jeffrey W. Ochsman, Esq., #941849
Todd S. Sapiro, Esq., #438455
1101 17th Street, N.W., Suite 700
Washington, D.C. 20036
Phone: (202) 872-0800; Fax: (202) 857-8343
Attorneys for Defendant,
Clark Concrete Contractors, LLC

**CERTIFICATE OF SERVICE**

I HEREBY certify that a copy of the foregoing Memorandum of Points and Authorities in Support of Clark Concrete Contractor, Inc.'s Motion for Summary Judgment was mailed, postage pre-paid, this 30 th day of May, 2007 to:

Charles M. Allen, Esq.
Goodman, Allen & Filetti, PLLC
4501 Highwoods Parkway, Suite 210
Glen Allen, VA 23060

Charles Y. Sipe, Esq.
Goodman, Allen & Filetti, PLLC
1020 Ednam Center, Suite 200
Charlottesville, VA 22903

Robert A. Stern, Esq.
Virginia M. DeLuca, Esq.
Clausen Miller P.C.
One Chase Manhattan Plaza
New York, NY 10005

Jeffrey W. Ochsman