IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| PROSPECT WATERPROOFING COMPANY | * | |
| | * | |
| Plaintiff | * | |
| | * | |
| v. | * | Case No.: 1:06CV00693 |
| | * | Hon. Richard J. Leon |
| CLARK CONCRETE CONTRACTORS, LLC | * | |
| | * | |
| Defendant | * | |

### CLARK CONCRETE CONTRACTORS, LLC'S ANSWERS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

TO:   Prospect Waterproofing Company, Plaintiff
c/o Charles M. Allen, Esq.
Robert A. Stern, Esq.
Virginia M. DeLuca, Esq.

FROM:   Clark Concrete Contractors, LLC, Defendant
c/o Jeffrey W. Ochsman, Esq.
Todd S. Sapiro, Esq.

COMES NOW the Defendant, Clark Concrete Contractors, LLC and answers the interrogatories propounded by the claimant as follows:

**INTERROGATORY NO. 1**: Identify all persons who assisted in the preparation of responses to these Interrogatories, all persons who assisted in the preparation of responses to the Requests for Production of Documents served contemporaneously, and all persons who compiled documents for production to Prospect.

**ANSWER TO INTERROGATORY NO. 1**: Objection as to the identity of any individual who assisted in the preparation of these written discovery responses, as this is not discoverable. Maple Drive-In Theatre Corp. v. Radio-Keith-Orpheum Corp., 153 F.Supp, 240, 244 (S.D.N.Y. 1956). (It is proper to ask only for those with knowledge of relevant facts, not

LAW OFFICES
FRIEDLANDER, MISLER,
SLOAN, KLETZKIN &
OCHSMAN, PLLC
1101 17th STREET, NW,
SUITE 700
WASHINGTON, DC

(202) 872-0800

EXHIBIT 5

those who help prepare interrogatory answers).<u>United States v. National Steel Corp.</u>, 26 F.R.D. 599, 600 (S.D. Tex. 1960).

**INTERROGATORY NO. 2**: Identify each and every document constituting or referring to a reservation of rights letter Clark has received with respect to insurance coverage or defense obligations with respect to this litigation. To the extent any such reservation of rights letter(s) exist, annex a copy of said letter(s) to your response.

**ANSWER TO INTERROGATORY NO. 2**: None.

**INTERROGATORY NO. 3**: Describe in detail all activities which Clark was responsible for performing and/or performed at 1001 Massachusetts Avenue, N.W., Washington, D.C. (the "Premises") prior to and on the date of the Incident (i.e. on or about April 21, 2004) and identify all documents which detail, describe, or pertain to such activities.

**ANSWER TO INTERROGATORY NO. 3**: Clark Concrete Contractors, LLC was contracted by Clark Quincy Park to perform concrete work at the project, including the pouring of the penthouse deck. Please refer to the subcontract dated September 17, 2003.

**INTERROGATORY NO. 4**: Describe all maintenance and/or repairs that Clark performed on the roof hatch at the Premises prior to and on the date of the Incident (i.e. on or about April 21, 2004) and identify all documents which detail, describe or pertain to such maintenance or repairs.

**ANSWER TO INTERROGATORY NO. 4**: Approximately three weeks prior to the date of the incident, Clark Concrete Contractors placed a 3 X 8 foot piece of plywood over the vent on the penthouse roof. The top of the piece of plywood was marked "hole" in orange spray

LAW OFFICES
FRIEDLANDER, MISLER,
SLOAN, KLETZKIN &
OCHSMAN, PLLC
1101 17th STREET, NW,
SUITE 700
WASHINGTON, DC

(202) 872-0800

2

paint. The piece of plywood was secured to the concrete with nails. There was no maintenance or repairs required.

**INTERROGATORY NO. 5**: Describe any and all safety inspections Clark performed, whether such inspections were performed pursuant to Section 23 (c) of its contract or otherwise, and describe any and all safety inspections any other person or entity performed at the Premises, separately identifying all persons (including, without limitation, Clark employees) and entities who performed such inspections and all documents which report, detail, describe or pertain to such inspections.

**ANSWER TO INTERROGATORY NO. 5**:

Matt Sherwood, Clark Concrete's general foreman, performed visual inspections on a daily basis, conducting walkthroughs of the areas Clark Concrete performed work. There are no written documents concerning these daily inspections.

**INTERROGATORY NO. 6**: For each former or present Clark employee identified in your Rule 26(a)(1) disclosures, separately set forth that employee's job responsibilities at the Premises and that employee's knowledge of the condition of the roof hatch prior to and on the date of the Incident (i.e. on or about April 21, 2004) and identify any documents which reflect or refer to such employees' job responsibilities or knowledge.

**ANSWER TO INTERROGATORY NO. 6**: Michael Teague is a tower crane operator for Clark. David Mehlbaum was a project manager for Clark Construction Group. John Neuenschwander was a senior superintendent for Clark Construction Group. Duane Carreiro was a field engineer for Clark Construction Group. Michael McCaffrey was a senior safety

LAW OFFICES
FRIEDLANDER, MISLER,
SLOAN, KLETZKIN &
OCHSMAN, PLLC
1101 17th STREET, NW,
SUITE 700
WASHINGTON, DC

(202) 872-0800

3

manager for Clark Construction Group. Upon information and belief, Michael Teague, Duane Carreiro, and Michael McCaffrey have knowledge of the condition of the premises prior to and subsequent to the accident. There were many witnesses who responded to the accident and have knowledge of the condition of the present premises subsequent to the accident.

**INTERROGATORY NO. 7**: Identify each Clark employee who communicated any circumstance about the incident to any Prospect employee, including, without limitation, the condition of the roof hatch prior to the incident or the fact that the incident had occurred, separately identifying the substances of the communication and identifying the Prospect employee to whom information was allegedly communicated and any documents constituting, reporting, reflecting, or relating to any such communication.

**ANSWER TO INTERROGATORY NO. 7**: The Defendant is unaware of any Clark Concrete Contractor employees who had any communications with any Prospect employees.

**INTERROGATORY NO. 8**: State what, if any, precautions Clark took prior to and on the date of the Incident (i.e. on or about April 21, 2004) in order to properly cover the roof hatch or to avoid accidents similar to the incident and identify all documents which describe, detail, report or pertain to such precautions.

**ANSWER TO INTERROGATORY NO. 8**: Please see answer to interrogatory number 4. The piece of plywood completely covered the opening, was secured to the concrete with nails, and orange paint specifying "hole" was spray painted on the top of the plywood.

LAW OFFICES
FRIEDLANDER, MISLER,
SLOAN, KLETZKIN &
OCHSMAN, PLLC
1101 17th STREET, NW,
SUITE 700
WASHINGTON, DC

(202) 872-0800

**INTERROGATORY NO. 9**: Provide a typewritten copy of the handwritten information contained in the "Significant Events" sections (Section D) of each of Clark Concrete's Superintendent's Daily Report (form #75) copies of which were provided in your Rule 26(a)(1) Disclosures.

**ANSWER TO INTERROGATORY NO. 9**: None.

**INTERROGATORY NO. 10**: Identify any and all employees or agents of Clark that were at the Premises prior to and on the date of the Incident (i.e. on or about April 21, 2004) and who performed or supervised any activities relating to the maintenance, inspection and/or repair of the roof hatch at the Premises, and for each such person provide his or her: (1) title/position with Clark on those dates; (2) supervisor's name; (3) any certifications/licenses held which are applicable to the activities that the person was performing or supervising at the Premises, and; (4) dates of training with respect to the activities that the person was performing or supervising at the Premises.

**ANSWER TO INTERROGATORY NO. 10**:

Jorge Guerrero, a carpenter, secured a 3 X 8 piece of plywood over the vent with nails. The word "hole" was sprayed on top of the piece of plywood with orange spray paint. The plywood was secured and marked at the request of Matt Sherwood, Clark Concrete's general foreman. Matt Sherwood and Clark Concrete's lead carpenters, Jerry Sherwood and Jose Antonio Argueta can confirm the same.

LAW OFFICES
FRIEDLANDER, MISLER,
SLOAN, KLETZKIN &
OCHSMAN, PLLC
1101 17th STREET, NW,
SUITE 700
WASHINGTON, DC

(202) 872-0800

5

**INTERROGATORY NO. 11**: Identify each employee or agent of Clark who interacted, communicated with or had any dealings with persons or entities at the Premises other than the parties to this action, concerning the inspection, maintenance or repair of the roof hatch at the Premises prior to and on the date of the Incident (i.e. on or about April 21, 2004).

**ANSWER TO INTERROGATORY NO. 11**:

Matt Sherwood advised John Neuenschwander, senior superintendent for the general contractor that the vents were covered, marked and secured approximately 3 weeks prior to the incident.

**INTERROGATORY NO. 12**: Identify all persons or entities at the Premises other than parties to this action with whom any employee or agent of Clark communicated with or had any dealings with in respect to the inspection, maintenance or repair of the roof hatch at the Premises prior to and on the date of the Incident (i.e. on or about April 21, 2004) and separately set forth each such person's or entity's job, function or position at the Premises and, if an individual, his or her employer.

**ANSWER TO INTERROGATORY NO. 12**:

Please see answer to interrogatory numbers 5 and 11.

**INTERROGATORY NO. 13**: Set forth, describe, identify and explain in detail all activities Clark's employees undertook to avoid the incident that occurred at the Premises, include dates and times, and identify each person that undertook said activities and all documents which detail, describe, or pertain to such activities.

**ANSWER TO INTERROGATORY NO. 13**: Please see answer to interrogatory numbers 4 and 8.

LAW OFFICES
FRIEDLANDER, MISLER,
SLOAN, KLETZKIN &
OCHSMAN, PLLC
1101 17th STREET, NW,
SUITE 700
WASHINGTON, DC

(202) 872-0800

*I hereby swear and affirm under penalty of perjury that the answers to the foregoing interrogatories are true and accurate to the best of my knowledge, information and belief.*

_____
Josh Welsh, Claim Manager
Clark Concrete Contractors, LLC

STATE OF Maryland )
                  ) ss:
COUNTY OF Montgomery )

Sworn to and subscribed before me this 28th day of August, 2006.

_____
Notary Public

01, June 2009
My Commission Expires


Respectfully submitted,

FRIEDLANDER, MISLER, SLOAN,
KLETZKIN & OCHSMAN, PLLC

_____
Jeffrey W. Ochsman, Esq.
Todd S. Sapiro, Esq.
1401 17th Street, N.W., Suite 700
Washington, D.C. 20036
Phone: (202) 872-0800; Fax: (202) 857-8343
Attorneys for Defendant,
Clark Concrete Contractors, LLC

LAW OFFICES
FRIEDLANDER, MISLER,
SLOAN, KLETZKIN &
OCHSMAN, PLLC
1101 17th STREET, NW,
SUITE 700
WASHINGTON, DC

(202) 872-0800

7

## CERTIFICATE OF SERVICE

I HEREBY certify that a copy of the foregoing Clark Concrete Contractors, LLC's Answers to Plaintiff's First Set of Interrogatories were mailed, postage pre-paid, this 29thday of August, 2006 to:

Charles M. Allen, Esq.
Goodman, Allen & Filetti, PLLC
4501 Highwoods Parkway, Suite 210
Glen Allen, VA  23060

Charles Y. Sipe, Esq.
Goodman, Allen & Filetti, PLLC
1020 Ednam Center, Suite 200
Charlottesville, VA  22903

Robert A. Stern, Esq.
Virginia M. DeLuca, Esq.
Clausen Miller P.C.
One Chase Manhattan Plaza
New York, NY  10005

_____
Jeffrey W. Ochsman
Todd S. Sapiro

LAW OFFICES
FRIEDLANDER, MISLER,
SLOAN, KLETZKIN &
OCHSMAN, PLLC
1101 17th STREET, NW,
SUITE 700
WASHINGTON, DC

(202) 872-0800