IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ZURICH AMERICAN INSURANCE COMPANY | * |
| | * |
| Plaintiff | * |
| | * |
| v. | * Case No.: 1:06CV00693 |
| | * Hon. Richard J. Leon |
| CLARK CONCRETE CONTRACTORS, LLC | * |
| | * |
| Defendant | * |

## CLARK CONCRETE CONTRACTOR'S REPLY TO PLAINTIFF'S OPPOSITION TO ITS MOTION FOR SUMMARY JUDGMENT

COMES NOW the Defendant, Clark Concrete Contractors, LLC ("CCC"), by and through undersigned counsel, and for its reply to Plaintiff's Opposition states:

### I.   THERE IS NO GENUINE DISPUTE OF A MATERIAL FACT

Plaintiff, Zurich American Insurance Company ("Zurich/Prospect")[1], attempts to create a material dispute of fact where none exists. Plaintiff attempts to confuse the Court with the condition of the board(s) on the day of Mr. Coc's accident with the condition of the board when CCC completed work on the penthouse deck.

A.   The undisputed evidence is that CCC, though its employee Jorge Guerrero, secured a piece of plywood with a Hilti gun over the hole on the penthouse deck when the

---

[1] As set forth in the Motion for Summary Judgment, Zurich American Insurance Company ("Zurich") paid Gregorio Coc, a Prospect Waterproofing Company ("Prospect") employee, benefits under the District of Columbia Workers' Compensation Act (the "Act"). Under the Act, an employees' acceptance a worker's compensation award operates as an assignment to the employer of all rights of the employee to recover damages against a third party. *See D.C. Code* §32-1535(b). The Act further provides that an insurance carrier that has paid benefits on behalf of the employer to the employee, the insurance carrier, is subrogated to all rights of the employer. *See D.C. Code* §32-1535(h). Thus, Zurich's rights are subrogated from Prospect, whose rights are assigned by Mr. Coc.

LAW OFFICES
FRIEDLANDER, MISLER,
SLOAN, KLETZKIN &
OCHSMAN, PLLC
1101 17th STREET, NW,
SUITE 700
WASHINGTON, DC

(202) 872-0800

concrete pour was complete. *Affidavit of Matthew Sherwood*, ¶4, 6.[2]

  B. Zurich/Prospect makes a bald allegation that CCC did not properly secure the board on the penthouse deck because there is evidence of two boards on the day of Mr. Coc's accident. This allegation is purely speculative, because it ignores the fact that a period of time passed from when the board was secured to Mr. Coc's accident and other trades, including but not limited to Prospect, had access to and were working on the penthouse deck. *Deposition of Erick Chub*, p 72.

  C. Zurich/Prospect attempts to create a dispute of fact regarding the number of days between CCC securing the board and Mr. Coc's injury. Whether the concrete pour on the penthouse deck was completed three weeks or three days before the accident is irrelevant. The undisputed testimony is that the board was secured when CCC completed concrete work on the penthouse deck. *See Affidavit of Matthew Sherwood*.

  D. CCC's subcontract agreement with Clark Quincy Park ("Quincy Park") specifically states that CCC must provide covers for openings in decks, such as the one in this case. The covers, however, were "to be maintained by others after the concrete work is complete in the area and removed by others." *Paragraph 25, Exhibit B, Subcontract Agreement with CCC*.

  E. Again, the undisputed evidence is that CCC had completed work on the penthouse deck prior to the date of Mr. Coc's accident. *See Affidavit of Matthew Sherwood*.

  F. The dispute over when the boards were placed or the number of boards on the day of Mr. Coc's injury are irrelevant for this motion. If there were two boards, or the

---

[2] Matthew Sherwood and three other CCC employees were disclosed in CCC's Answers to Interrogatories. Plaintiff has, unexplainably, never deposed any CCC employees.

LAW OFFICES
FRIEDLANDER, MISLER,
SLOAN, KLETZKIN &
OCHSMAN, PLLC
1101 17th STREET, NW,
SUITE 700
WASHINGTON, DC

(202) 872-0800

board(s) were not secure, Zurich/Prospect cannot prove CCC did anything to change the condition of the board it originally placed. Nor can Zurich/Prospect prove that CCC had a duty to maintain a cover in an area which it was no longer working. *Paragraph 25, Exhibit B, Subcontract Agreement with CCC*.

II.  **JUDGMENT SHOULD BE ENTERED IN FAVOR OF DEFENDANT ON ALL OF PLAINTIFF'S CLAIMS AS A MATTER OF LAW**

   A.  **NEGLIGENCE**

      1.  **CCC WAS NOT NEGLIGENT AS A MATTER OF LAW**

CCC cannot have a duty for an area that it did not control, it had not controlled, and which was open and accessible to other subcontractors and the general contractor. Thus, it is irrelevant whether CCC was on the penthouse deck within three weeks or three days before Mr. Coc's accident. Either way, CCC was no longer working on the penthouse deck and cannot have a duty for an area that it did not control.

CCC was relieved of any obligation to notify Clark of any hazards it would discover, as a contractor who is not in the area cannot have a duty to discover hazards. Furthermore, CCC is expressly relieved of the duty to maintain a cover, such as the one over the roof hatch, because it was to be maintained by others after the concrete work was complete. *See Paragraph 25, Exhibit B, Subcontract Agreement with CCC*.

Zurich/Prospect attempts to create a dispute of fact regarding the number of boards. Zurich/Prospect has no evidence contrary to CCC's assertion that it secured a single board marked "HOLE" in orange paint using a Hilti gun. *See Affidavit of Matthew Sherwood*. Nor has Zurich/Prospect cited any case law or contractual provision that imposes a duty on CCC.

LAW OFFICES
FRIEDLANDER, MISLER,
SLOAN, KLETZKIN &
OCHSMAN, PLLC
1101 17th STREET, NW,
SUITE 700
WASHINGTON, DC

(202) 872-0800

## 2. A SUPERSEDING OR INTERVENING ACT WAS THE PROXIMATE CAUSE OF MR. COC'S INJURIES

Assuming, in a light most favorable to Plaintiff, there were two boards covering the hole on the date of Mr. Coc's injury, an intervening act was the proximate cause of Mr. Coc's injury. Negligence is generally defined as the failure to act with reasonable care. *Powell v. District of Columbia*, 634 A.2d 403, 406 (D.C. 1993). The elements of negligence are a duty of care owed by Defendant, the breach of that duty, and damage to the plaintiff which was proximately caused by the breach. *Id.*

"Proximate cause has been defined as 'that cause which, in natural and continual sequence, unbroken by any efficient intervening cause, produces the injury, and without which the result would not have occurred.'" *McKethean v. Washington Metro. Area Trans. Auth.*, 588 A.2d 708, 716 (D.C. 1991) (internal citations omitted). An intervening act is defined as an act or omission of a third person that is not reasonably foreseen. *Id.* An intervening act breaks the chain of causation. *Powell*, 634 A.2d at 607. A corporation has the right to assume that others will exercise reasonable care. *Stager v. Schneider*, 494 A.2d 1307, 1311 (D.C. 1985).

The conflicting accounts of Mr. Chub and Mr. Teague with regard to the number and/or placement of board(s) are irrelevant. If there were two boards, they were clearly not the one that CCC secured. *See Affidavit of Matthew Sherwood*. If there was one board that said "Hole" in orange paint, it could have been the one CCC secured or not. There is no evidence at all as to what happened to the board that CCC secured. Any theory put forth by Zurich/Prospect is pure speculation.

From the time CCC secured the board until the time of Mr. Coc's injury, there were

LAW OFFICES
FRIEDLANDER, MISLER,
SLOAN, KLETZKIN &
OCHSMAN, PLLC
1101 17th STREET, NW,
SUITE 700
WASHINGTON, DC

(202) 872-0800

other trades working on the penthouse deck, including but not limited to Zurich/Prospect. *Deposition of Erick Chub*, p72.  CCC has the right to assume that those trades would use reasonable care and, if they were going to move the board for any reason, that it would be re-secured.  *Stager*, 494 A.2d at 1311. If the board was not secure, then someone else acted as an intervening cause.  CCC could not foresee that another contractor would breach its general duty to operate a safe working environment.  A superseding cause breaks the chain of causation, thus, CCC cannot be negligent.  *Powell*, 634 A.2d at 607.  Further, the contract between Quincy Park and CCC provides for just this circumstance, as CCC secured a board as required and left for others to maintain.

### 3. PROSPECT WAS CONTRIBUTORILY NEGLIGENT AS A MATTER OF LAW

Zurich/Prospect's own negligence was the proximate cause of Mr. Coc's injury.[3] Contributory negligence is conduct that falls below the standard to which the plaintiff should conform for his own protection.  *Scoggins v. Jude*, 419 A.2d 999, 1004 (D.C. 1980).  "Plaintiff's contributory negligence is a complete bar to recovery." *W.M. Schlosser Co. v. Maryland Drywall Co.*, 673 A.2d 647, 653, n.13 (D.C. App. 1996).  Zurich/Prospect had a duty to warn its employees of any potentially dangerous conditions that existed.  OSHA § 5, *General Duty Clause*.  If there were two boards, as Zurich/Prospect contends, Mr. Chub testified that he recognized the hatch and the boards covering the hatch as a safety hazard. *Deposition of Erick Chub*, 83-4.  Despite such, he took two employees to the penthouse deck the morning of April 21, 2004 and failed to warn either of the potentially dangerous condition.

---

[3] Zurich/Prospect's alleged expert states in his deposition that Prospect partially was at fault for the injury sustained by Mr. Coc since it failed to warn him or provide instructions regarding the potential hazard. *Deposition of John Nigel Ellis*, p 180, attached hereto as Exhibit 1.

LAW OFFICES
FRIEDLANDER, MISLER,
SLOAN, KLETZKIN &
OCHSMAN, PLLC
1101 17th STREET, NW,
SUITE 700
WASHINGTON, DC

(202) 872-0800

*Id.* at 79-84, 92-3, 97-8.

Zurich/Prospect knowingly exposed its employees to a potential hazard without warning. Thus, Zurich/Prospect is contributorily negligent and cannot recover against CCC.

**B.   BREACH OF CONTRACT**

**1.   ASSUMING PROSPECT WAS A THIRD-PARTY BENEFICIARY OF CCC'S CONTRACT WITH CLARK, CCC DID NOT BREACH ITS CONTRACTUAL DUTIES**

Assuming Zurich/Prospect was a third-party beneficiary to CCC's subcontract with Clark, CCC did not breach its contractual duty to Zurich/Prospect. CCC had a contractual duty to "maintain, within its scope of work, a safe and healthful workplace for its employees, as well as for the benefit of all contractors, fellow workers and the general public." *See Paragraph 23(b), Subcontract Agreement with CCC*. In addition, CCC assumed the "obligation to notify Clark of all hazards discovered that it does not control and did not create." *Id.* Finally, CCC had a duty to provide covers for all small framed openings in decks. *See Paragraph 25, Exhibit B, Subcontract Agreement with CCC*. The covers, however, were to be maintained by others after concrete work is complete in the area and removed by others. *Id.*

CCC did maintain a safe and healthful workplace for its employees and fellow workers. After securing, with nails, the plywood board over the roof hatch, CCC satisfied its obligations under the Subcontract Agreement.

CCC had not been on the penthouse deck since the board had been secured and was not working on the penthouse deck on the day of Mr. Coc's accident. As such, CCC was relieved of any obligation to notify Quincy Park of any hazards it would discover, as a contractor who is not on site or in the area cannot have a duty to discover hazards.

LAW OFFICES
FRIEDLANDER, MISLER,
SLOAN, KLETZKIN &
OCHSMAN, PLLC
1101 17th STREET, NW,
SUITE 700
WASHINGTON, DC

(202) 872-0800

Furthermore, CCC is expressly relieved of the duty to maintain covers, such as the one over the roof hatch, because it was to be maintained by others after the concrete work was complete. *See Paragraph 25, Exhibit B, Subcontract Agreement with CCC.*

### C.   RES IPSA LOQUITUR

Res Ipsa Loquitur applies when the event ordinarily does not occur in the absence of someone's negligence, the event must be caused by an agency or instrumentality within the exclusive control of the defendant, and the event must not have been due to any voluntary action or contribution on the part of plaintiff. *Otis Elevator Co. v. Tuerr*, 626 A.2d 1254, 1258 (D.C. 1992).

The instrumentality of Mr. Coc's accident was not in the exclusive control of CCC. Again, Zurich/Prospect attempts to create a dispute of fact regarding the time frame in which CCC had been working on the penthouse deck. Regardless of the time frame, CCC was not working on the penthouse deck in the days preceding Mr. Coc's accident. Many other contractors, including but not limited to Zurich/Prospect had access to the penthouse deck. *Deposition of Erick Chub*, p. 72. Thus, res ipsa loquitur must fail as a matter of law.

### III.   CONCLUSION

WHEREFORE, there being no genuine dispute of material fact and no facts to support Plaintiff's claims of Negligence, Breach of Contract or Res Ispa Loquitor, it is respectfully submitted that Defendant's Motion for Summary Judgment be granted in its entirety.

LAW OFFICES
FRIEDLANDER, MISLER,
SLOAN, KLETZKIN &
OCHSMAN, PLLC
1101 17th STREET, NW,
SUITE 700
WASHINGTON, DC

(202) 872-0800

Respectfully submitted,

FRIEDLANDER, MISLER, SLOAN,
KLETZKIN & OCHSMAN, PLLC

_____
Jeffrey W. Ochsman, Esq., #941849
Todd S. Sapiro, Esq., #438455
1101 17th Street, N.W., Suite 700
Washington, D.C. 20036
Phone: (202) 872-0800; Fax: (202) 857-8343
*Attorneys for Defendant,*
*Clark Concrete Contractors, LLC*

### CERTIFICATE OF SERVICE

I HEREBY certify that a copy of the foregoing Reply Motion was mailed, postage pre-paid, this 19th day of July, 2007 to:

Charles M. Allen, Esq.
Goodman, Allen & Filetti, PLLC
4501 Highwoods Parkway, Suite 210
Glen Allen, VA 23060

Charles Y. Sipe, Esq.
Goodman, Allen & Filetti, PLLC
1020 Ednam Center, Suite 200
Charlottesville, VA 22903

Robert A. Stern, Esq.
Virginia M. DeLuca, Esq.
Clausen Miller P.C.
One Chase Manhattan Plaza
New York, NY 10005

_____
Jeffrey W. Ochsman, Esq.
Todd S. Sapiro, Esq.

LAW OFFICES
FRIEDLANDER, MISLER,
SLOAN, KLETZKIN &
OCHSMAN, PLLC
1101 17th STREET, NW,
SUITE 700
WASHINGTON, DC

(202) 872-0800